UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Craig Thomas Bates,

Petitioner,

vs.

Hoyt A. Brill, Warden,

Respondent.

ORDER
AND
REPORT AND RECOMMENDATION

Civ. No. 00-255 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of April, 2000.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment,[1] made in accordance

---

[1]The Petitioner's original Petition, which was filed with the Clerk of Court on February 2, 2000, sought relief from his asserted constitutional and statutory deprivations, pursuant to Title 28 U.S.C. §2254. Thereafter, on February 28, 2000, the Petitioner sought leave from the Court to Amend his original Petition so as to allege claims under Title 28 U.S.C. §2241. [Docket No. 4]. In his Motion to Amend, the Petitioner acknowledges the critical flaw of seeking a review of the conditions of his incarceration under Section 2254. He appropriately notes that:

> Title 28 [U.S.C.] § 2254 is a remedy for state prisoner to test the legality of a judgment of conviction while petitioner does not challenge his conviction but rather the legality of the jurisdiction of his confinement.

Motion to Amend, at 1.

Of course, the Petitioner was not obligated, at this juncture of (continued...)

APR 07 2000
CLERK

with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus. See, Title 28 U.S.C. §2241. The

---

[1](...continued)
his civil proceeding, to obtain the Court's leave to amend his Petition. Rule 11 of the Rules Governing Habeas Corpus Cases provides as follows:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.

The Rules Governing Habeas Corpus Cases do not specify the circumstances under which a Habeas petitioner may seek amendment of his Petition. As such, we apply Rule 15(a), Federal Rules of Civil Procedure, which allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served * * *." As a result, the Petition, here, is properly addressed, without intervention on our part, as one requesting relief pursuant to Title 28 U.S.C. §2241. Although the Petitioner's attempt to seek relief under Section 2241 is -- as is fully discussed in the text of this Report -- futile, we will initially allow it, subject to our further review pursuant to Rule 4 of the Rules Governing Petitions for Habeas Corpus, and, ultimately, under Title 28 U.S.C. §1915A. Accordingly, we view the Petitioner's Motion for Leave to Amend as a moot issue.

On March 13, 2000, the Petition filed a Second Motion to Amend Habeas Corpus Petition [Docket No. 6]. The Petitioner's Motion fails, however, to indicate what amendments he seeks to make to his Petition, except to state that "it is essential that this Petition be amended to conform to the evidence in this case." Second Motion to Amend, at p. 1. Our review of the Petitioner's proposed Amended Petition reveals no substantive change its claims, when compared to those contained in his original Petition as amended. As our Report broadly construes the Petitioner's claims, and addresses those claims on their merits, and in the legal and factual light most favorable to the Petitioner, we conclude that cause for further amendment of the Petition has not been demonstrated, and we deny the Second Motion to Amend on that basis.

Petitioner appears pro se, and no appearance has been made by, or on the behalf of the Respondent.[2]

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed.

## II. Factual and Procedural Background

The Petitioner is a State prisoner, who is currently incarcerated at the Prairie Correctional Facility, in Appleton, Minnesota, where he is serving a ten-year sentence, which was imposed by the Racine County Circuit Court, in the State of Wisconsin. The Petitioner was convicted -- as best as we can decipher from his shorthand reference to his offenses -- of: 1) violation of parole; 2)

---

[2]The Respondent has yet to appear as we are recommending a summary dismissal, as provided under the Prisoner Litigation Reform Act. See, Title 28 U.S.C. §1915A. Section 1915A provides, in relevant part, that:

> (a) The court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; * * *.

issuing worthless checks; 3) possession of burglary tools; and 4) attempted burglary. Petition for Writ of Habeas Corpus.

By the Petitioner's own representation, he "was legally incarcerated by virtue of a Judgment of Conviction entered in the State of Wisconsin, County of Racine * * *." Id. at 2. By this, and the remainder of the Petitioner's arguments in support of his Petition, the Petitioner raises no challenge to the legality of his conviction. Instead, the Petitioner's constitutional and statutory claims relate to the conditions of his confinement in a private prison facility, which is located outside of the State of Wisconsin, in Appleton, Minnesota. In particular, the Petitioner relates that he is being detained in the custody of the Respondent, pursuant to a prison population reduction plan of the State of Wisconsin. Wisconsin Statute Section 302.21.

As viewed by the Petitioner, his incarceration, outside of the physical boundaries of the State of Wisconsin, is violative of his rights under Title 18 U.S.C. §3182 et seq.,[3] which provides for the

---

[3]Section 3182 provides as follows:

> Whenever the executive authority of any State or Territory demands any person as a fugitive form justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State of Territory, charging

(continued...)

extradition of fugitives from State or Territory to State, District, or Territory. It is the Petitioner's contention that the terms of Wisconsin's Interstate Corrections Compact, under which his confinement at the Prairie Correctional Facility was effected, contravenes the conditions preemptively placed upon State laws by Section 3182, as they relate to the transfer of convicts from one State to another. Thus, the Petitioner seeks to have this Court review the legality of his detention in the State of Minnesota, and to "restore petitioner's liberty as prior to March of 1995," which appears to be the date on which he was first arrested for his criminal violations.[4] The Petitioner also requests that the Court

---

[3](...continued)

> the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the State or Territory form whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

[4]In this respect, the Petitioner's request for Habeas relief could be read to include a challenge to the legality of his conviction, pursuant to Title 28 U.S.C. §2254 because, for the Court to grant the relief requested, it would necessarily have to invalidate (continued...)

"issue an Injunction and/or Restraining Order preventing the respondent from returning custody to the State of Wisconsin."[5] Petition, at 5.

III. Discussion

A. Standard of Review. Under Title 28 U.S.C. §2241, a Writ of Habeas Corpus may extend to a prisoner who is in custody under color of Federal law, if such custody is "in violation of the Constitution or laws or treaties of the United States." The Federal judiciary has uniformly interpreted Section 2241 to confer jurisdiction over challenges to the execution of Federal sentences, while applying Title 28 U.S.C. §2255 as the proper means to challenge a Federal sentence itself, or its underlying conviction. See, Bell v. United States, 48 F.3d 1042, 1044 (8th Cir. 1995);

---

[4](...continued)
the Petitioner's underlying conviction. Given the Petitioner's unequivocal statement that his conviction was legally obtained, combined with the fact that he has amended his Petition to assert his right to relief solely under Section 2241, while acknowledging that his is not challenging the legality of his conviction, we simply note that his requested relief is unavailable to remedy the allegedly illegal condition of his confinement outside of the State of Wisconsin. As such, the only relief that is potentially available to the Petitioner is to have the remainder of his incarceration carried out in a Wisconsin correctional facility.

[5]The Petitioner's demand, that the Court "issue an Injunction and/or Restraining Order preventing the respondent from returning custody to the State of Wisconsin," is also unavailing, as that is precisely the form of relief that is available to him, were the Court to conclude that he "is unconstitutionally detained" outside of Wisconsin, and he proffers no authority to the contrary.

United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987); United States v. Fraser, 688 F.2d 56, 58 (8th Cir. 1982). However, nothing in the provisions of Section 2241 relate to the conditions of a State prisoner's confinement.

By comparison, the Civil Rights Act of 1871 provides every citizen with a right of action, at law or in equity, against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Title 42 U.S.C. §1983. In order to prevail on a Section 1983 claim, a plaintiff must establish that the actions complained of were committed by persons acting under color of State law, and that those actions deprived the plaintiff of a right, privilege or immunity, secured by the Constitution or laws of the United States. Id.; Hamilton v. Schriro, 74 F.3d 1545, 1549 (8th Cir. 1996), cert. denied, 519 U.S. 874 (1996); Thomas v. Gunter, 32 F.3d 1258, 1259 (8th Cir. 1994).

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a Habeas action, as opposed to a Section 1983 claim. In making such a determination, the prisoner's label cannot be controlling. See, Kruger v. Erickson, 77 F.3d

1071, 1073 (8th Cir. 1996), citing Preiser v. Rodriguez, supra at 489-90. The essence of Habeas Corpus is an attack by a person in custody upon the legality of that custody. Preiser v. Rodriguez, supra at 484. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, supra at 1073. The Kruger Court went on to state the following:

> It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Id. at 1073.

Thus, if a prisoner is seeking a change in program, location, or environment, then he is challenging the conditions, rather than the fact of his confinement, and his remedy is under the civil rights law, even if, as will usually be the case, the program, location, or environment that he is challenging, is more restrictive than the alternative that he seeks. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991), see also, Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2nd Cir. 1990)(prisoner's claim seeking transfer out of City jail system into State or Federal prison system, because of alleged brutality by prison guards and police officers, was cognizable under Section 1983, rather than by Habeas Corpus, where prisoner

was only seeking to change the place of his confinement, and not the fact or duration of confinement).

B. Legal Analysis. In this case, although the Petitioner has framed his request for redress in the form of a Petition for Habeas Corpus, the facts attending his allegations of constitutional and/or statutory infringement lie plainly within the ambit of Section 1983. Notably, the Petitioner complains that he is being illegally confined outside of the State of Wisconsin by application of Wisconsin Statutes Section 302.21. Although the Petitioner ultimately avers that this provision of State law is violative of Federal law, this is precisely the type of circumstance for which a civil rights action, under Section 1983, was promulgated. Indeed, the fact that the Petitioner's "Petition" capitulates on the legality of his sentence, by recognizing the legitimacy of his conviction, is further evidence of the impropriety of addressing claims under Title 28 U.S.C. §2241. See, Petition, at 2 ("your petitioner was legally incarcerated by virtue of a Judgment of Conviction entered in the State of Wisconsin * * *.").

As we have noted elsewhere, even if we were to determine that the Plaintiff was, in fact, illegally incarcerated outside of the State of Wisconsin, the remedy -- notwithstanding the Petitioner's request that he be released from all incarceration, in Minnesota or elsewhere -- would be to transfer his detention to the State of

Wisconsin. Thus, no remedy, which is available to the Petitioner, would effect a change in the duration of his incarceration. As a result, the only vehicle available to address his claims is by way of Section 1983. See, Kruger v. Erickson, supra at 1073.

Having properly construed the Petitioner's claim as one arising under Section 1983, we must determine the viability of that claim as a prerequisite to permitting his civil suit to proceed. In responding to the proliferation of prisoner complaints, Congress enacted the Prisoner Litigation Reform Act ("PLRA"), which has "the principal purpose of deterring frivolous prisoner litigation * * *." Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997), citing H.R. Conf. Rep. No. 104-378, at 166-67 (1995). When promulgating the PLRA, Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997), cert. denied, 522 U.S. 874 (1997).

Pursuant to the PLRA, a District Court is required to screen prisoner civil actions, which seek redress from government or governmental officials or employees, and must dismiss any prisoner Complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted * * *." Title 28 U.S.C. §1915A. A Complaint is frivolous "where it lacks an arguable basis either

in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Crawford-El v. Britton, 523 U.S. 574, 596 (1998); see also, Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997), cert. denied, 522 U.S. 1010 (1997); Grzeskowiak v. Stall, 187 F.3d 641, 1999 WL 314113, *1 (8th Cir., May 8, 1999)(Table Decision). By its terms, Section 1915A also requires dismissal if the Complaint would not survive a Motion under Rule 12(b)(6), Federal Rules of Civil Procedure. See, Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998); Duamutef v. Morris, 956 F. Supp. 1112, 1114 (S.D.N.Y. 1997); Lugo v. Immigration and Naturalization Serv., 950 F. Supp. 743, 745 (E.D. Va. 1997); Jones v. Russell, 950 F. Supp. 855, 856 (N.D. Ill. 1996). Under the Rule 12(b)(6) standard, a pro se Complaint, no matter how deficiently pled, withstands scrutiny "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972)(per curiam); see also, Smith v. St. Bernard's Regional Med. Center, 19 F.3d 1254, 1255 (8th Cir. 1994).

As noted, the Petitioner alleges that the Respondent is illegally detaining him in violation of Title 18 U.S.C. §3182 et seq. A review of the prescriptions of Section 3182 reveal that the Petitioner's claim is plainly without merit, and is, therefore, deserving of summary dismissal. At the outset, we note that the

Petitioner is not a fugitive and, therefore, he fails to satisfy the most elementary requirement for an application of Section 3182 to the circumstances of his confinement in Minnesota. Interstate extradition is provided for in the United States Constitution, in Article IV, Section 2, Clause 2, which provides as follows:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

This provision is implemented through Section 3182, which permits the executive authority in a State, from which a fugitive has fled -- the "requesting" State -- to make a demand on the executive authority of the State to which he has fled -- the "detaining" State -- for arrest and delivery of the fugitive to an agent of the requesting State. Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999). Even if the Petitioner were able to demonstrate that the provisions of Section 3182 were apposite to the facts of his incarceration, the Petitioner has cited no authority establishing a constitutional or statutory right of a fugitive to compel or, as is the case under the present circumstances, preclude the fugitive's own extradition, and we have found none. In fact, authority is to the contrary.

"[T]he constitutional dimension of extradition exists only when demand is made by one jurisdiction for the surrender of a person in another jurisdiction." Ortega v. City of Kansas City, 875 F.2d 1497, 1499 (10th Cir. 1989). The Petitioner fails to demonstrate, in any competent way, that Minnesota made any executive demand upon the Wisconsin authorities to surrender him for service of a Minnesota sentence and, in fact, the Petitioner acknowledges that he is serving only a Wisconsin sentence. Thus, those constitutional rights, which adhere to extradition proceedings, do not apply under the facts of the present case, and Section 3182 is wholly inapplicable to the circumstances surrounding the Petitioner's incarceration.

Beyond this fatal flaw in his Petition, the Petitioner has failed to draw our attention to any authority which holds that his Wisconsin sentence cannot be lawfully served in a private prison, either within, or without the State of Wisconsin. In fact, the authority is to the contrary. See, Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999), cert. denied, --- U.S. ---, 120 S.Ct. 379 (1999). As the Pischke Court noted:

> A number of cases assume the propriety of such [private prison] confinements, Richardson v. McKnight, 521 U.S. 399, 405, 407 (1997); Spencer v. Lee, 864 F.2d 1376, 1378 (7th Cir. 1989) (en banc); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996); one judge has said the practice is constitu-

> tional, Pinaud v. County of Suffolk, 52 F.3d 1139, 1161-62 (1995)(separate opinion); and to our knowledge no judge has opined to the contrary.

Pischke v. Litscher, supra at 500.

"The Wisconsin statute authorizing transfers to private prisons requires those prisons to adhere to 'the same standards of reasonable and humane care as the prisoners would receive in an appropriate Wisconsin institution,' Wisconsin Statute §301.21(2m) (a) (7), and no evidence has been presented that this requirement is being or will be flouted, let alone that the private prison will fall below Federal (Eighth Amendment) standards for the treatment of prisoners." Pischke v. Litscher, supra at 500. Rather, "a prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." Id., citing Olim v. Wakinekona, 461 U.S. 238 (1983).

We note that, in general, a prisoner enjoys no constitutionally protected right against transfer to another prison. Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999), citing, Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996). And, "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Id., quoting Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Olim dealt with a Hawaiian prisoner's attempt to preclude his transfer to a more

secure facility on the United States mainland, following a Disciplinary Committee's determination that the Petitioner was a maximum security risk. Id. at 240-42. In Olim, the Supreme Court held as follows:

> In short, it is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State. Confinement in another State, unlike confinement in a mental institution, is "within the normal limits or range of custody which the conviction has authorized the State to impose." Even when, as here, the transfer involves long distances and an ocean crossing, the confinement remains within constitutional limits. * * * [This] reasoning * * * compels the conclusion that an interstate prison transfer, including one from [State to State], does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself.

Olim v. Wakinekona, supra at 247-48 (internal footnotes and citations omitted), citing Meachum v. Fano, 427 U.S. 215, 225 (1976).

Under the standard enunciated by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), an interest, merely in the place of confinement, rarely will be one protected by the Due Process Clause. See, Counts v. Newhart, 951 F. Supp. 579, 583 (E.D. Va. 1996). This is true because prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may

have in remaining housed in a particular prison. Sanders v. St. Louis County, 724 F.2d 665, 668 (8th Cir. 1983). Thus, the Sandin Court went on to counsel that, when deciding whether the place of a prisoner's confinement rises to the level of a constitutional infringement, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Id., at 480.

Nevertheless, a prisoner cannot be transferred in retaliation for his exercise of constitutionally protected rights, Goff v. Burton, supra at 1191, either between prisons in a single State, or between State and Federal prison systems under the Interstate Corrections Compact, Sisneros v. Nix, 95 F.3d 749, 751 (8th Cir. 1996). Here, however, the Petitioner has failed to allege any set of facts which would tie his incarceration in Minnesota to a circumstance under which his claims could conceivably implicate a violation of constitutional magnitude, including, but not limited to, retaliation.

Therefore, given the inapplicability of the Interstate Extradition Act to the conditions of the Petitioner's confinement, coupled with the absence of evidence that his incarceration is violative of any other statutory or constitutional provision, we recommend the summary dismissal of his Petition, as frivolous.

NOW, THEREFORE, It is --

ORDERED:

1. That the Petitioner's Motion for Appointment of Counsel [Docket No. 2] is DENIED as moot.

2. That the Petitioner's Motion to Amend [Docket No. 4] is DENIED as moot.

3. That the Petitioner's Second Motion to Amend [Docket No. 6] is DENIED.

4. That the Petitioner's Motion to Strike the Wisconsin Attorney General's Notice of Appearance [Docket No. 8] is DENIED as moot.

AND, It is --

RECOMMENDED:

That the Petition for a "Writ of Habeas Corpus" [Docket No. 1] be summarily dismissed as frivolous pursuant to Title 28 U.S.C. §1915A(b)(1).

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court,

and by serving upon all parties **by no later than April 24, 2000,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 24, 2000,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.