**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Craig Thomas Bates,

Petitioner,

v.

Hoyt A. Brill, Sued as Hoyt A. Brill, Warden,

Respondent.

Civil No. 00-255 (DWF/RLE)

**ORDER AND MEMORANDUM**

---

Craig Thomas Bates, Pro Se, #5535, Prairie Correctional Facility, Box 500, Appleton, MN 56208-0500, Petitioner.

John W. Riches, Prairie Correctional Facility Staff Personnel, P.O. Box 157, Appleton, MN 56208-0157, Michael D. Oeser, Esq., Wisconsin Department of Justice, 123 W. Washington Avenue, P.O. Box 7857, Madison, WI 53707-7857, counsel for Defendant.

---

This matter is before the Court upon Petitioner Craig Thomas Bates' objections to Magistrate Judge Raymond L. Erickson's Report and Recommendation dated April 7, 2000, recommending that the Petition for a "Writ of Habeas Corpus" be summarily dismissed as frivolous pursuant to Title 28 U.S.C. § 1915A(b)(1). The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Moreover, Magistrate Judge Erickson also issued an order dated April 7, 2000, addressing four motions by Petitioner. While it is unclear to the Court whether the Petitioner has appealed that order, the Court has treated the objections and brief of Petitioner as an appeal of that order, separate from the objections the Petitioner has filed to the Report and Recommendation of April 7, 2000. The Court must modify or set aside any portion of a Magistrate Judge's order found to be clearly

OCT 0 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D OCT 0 2 2000
DEPUTY CLERK

erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2).

Based upon the Court's review of the record and the Court having reviewed the arguments and objections of the Petitioner, and the Court being otherwise duly advised in the premises, the Court hereby adopts the Report and Recommendation of Magistrate Judge Erickson in all respects.

Further, the Court finds that Magistrate Judge Erickson's order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Raymond L. Erickson's Report and Recommendation dated April 7, 2000 (Doc. No. 12) is **ADOPTED.**

2. Petitioner's Motion for Appointment of Counsel (Doc. No. 2) is **DENIED AS MOOT**.

3. Petitioner's Motion to Amend (Doc. No. 4) is **DENIED AS MOOT**.

4. Petitioner's Second Motion to Amend (Doc. 6) is **DENIED**.

5. Petitioner's Motion to Strike the Wisconsin Attorney General's Notice of Appearance (Doc. No. 8) is **DENIED AS MOOT**.

6. That the Petition for a "Writ of Habeas Corpus" (Doc. No. 1) is **SUMMARILY DISMISSED AS FRIVOLOUS** pursuant to ~~Title 28~~ U.S.C. § 1915A(b)(1).

Dated: October 2, 2000

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court has adopted the Report and Recommendation of Magistrate Judge Raymond L. Erickson in all respects. Specifically, the Petitioner objects to the Magistrate Judge's refusal to rule on his Motion for a Restraining Order prior to addressing the merits of the case. However, the Court would note that the Magistrate Judge's dismissal of the Petition for a Writ of Habeas Corpus is premised on that petition being frivolous pursuant to 28 U.S.C. § 1915(A)(b)(1). This Court agrees with that conclusion. Accordingly, the Court agrees with the Magistrate Judge that there is little, if any, likelihood that Petitioner would prevail on the merits of his case. Thus, injunctive relief would be inappropriate.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: OCT 0 2 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995